# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JAMES W.D. WILLIAMS, IV,

        Plaintiff,

vs.

JUDGE MICHAEL BUCKWALTER, *et al.*,

        Defendants.

Case No. 3:22-cv-288

District Judge Michael J. Newman
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER DISMISSING ACTION

Plaintiff, James W.D. Williams, IV, an Ohio inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 and Ohio state law against Judge Michael Buckwalter of the Court of Common Pleas for Greene County, Ohio, as well as the Greene County Prosecutors' Office and several of its prosecuting attorneys, alleging that Defendants conspired to have Plaintiff committed to a mental health facility. (Compl., ECF No. 1.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, this action is **DISMISSED** pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 3.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has $40.82 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts at Greene County Adult Detention Center is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and

the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

I.   STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
>  (B) the action or appeal—
>
>   (i) is frivolous or malicious; [or]
>
>   (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler*

4

*v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. ANALYSIS

Plaintiff alleges that Defendant Judge Michael Buckwalter "lied on the bench" when he stated that he found discrepancies in a forensic evaluation of Plaintiff's mental state and that the Greene County Public Defender was appointed as counsel for Plaintiff at Plaintiff's request. Plaintiff further alleges that Judge Buckwalter conspired with Greene County prosecuting attorneys to have the Public Defender represent Plaintiff and agree to Plaintiff's commission to a mental health facility. (Compl., ECF No. 1, PAGEID #4–7.) Plaintiff's Complaint asserts claims for intentional infliction of emotional distress, cruel and unusual punishment, discrimination, malicious prosecution, wrongful detainment, prosecutorial misconduct, judicial misconduct, and pattern of corrupt activity, and seeks money damages and injunctive relief. (*Id.* at PAGEID #4, 7–8.)

All of Plaintiff's claims must be dismissed. First, no matter how liberally the Court construes Plaintiff's Complaint, the Defendants—all of whom are judges or prosecuting attorneys—are entitled to absolute immunity from civil liability. Judges and prosecutors are entitled to absolute immunity from suit when acting within the scope of their duties. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (judges immune); *Imber v. Pachtman*, 424 U.S. 409, 427 (1976) (prosecutors immune for actions taken within the scope of duty); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted) (immunity overcome only if actions taken are not within the judge's judicial capacity or if the actions, "though judicial in nature, [are] taken in the complete absence of all jurisdiction"). Plaintiff's Complaint contains no plausible allegations upon which this Court could rely to conclude that the exceptions to judicial and prosecutorial immunity apply to exempt the state-court judge and prosecutors he names.

5

Further, to the extent Plaintiff is attempting to overturn orders entered by a state court, a doctrine known as *Rooker-Feldman* limits this Court's ability to adjudicate such claims. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548. Thus, to the extent Plaintiff is attempting to appeal from any of the state court's decisions, this Court lacks jurisdiction over these claims pursuant to the *Rooker-Feldman* doctrine.

### III.   DISPOSITION

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (ECF No. 3) is **GRANTED**. Plaintiff's Complaint is **DISMISSED** pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted. As a result, Plaintiff's pending motion for injunctive relief (ECF No. 4) is **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED** to close this case. The Clerk is further **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office and to forward a copy of this Order to the Court's financial office in Columbus.

**IT IS SO ORDERED.**

Date: <u>October 26, 2022</u>          s/*Michael J. Newman*
                                       Hon. Michael J. Newman
                                       United States District Judge